Birchard, J.
The powers of the respondent are those conferred by the act of incorporation and the acts amendatory thereto. Section 1 of the original law authorized the construction of a road between the given termini. Section 10 empowered the directors to cause such examination and surveys of the road as might enable them to select the most advantageous line, and required them, “ as soon thereafter as practicable, to select the route on whieh said road shall be constructed.”
Section 12 gives to the “ corporation,” after having thus selected a route, authority to vary the route and change the location, whenever a better and cheaper route could be had, or any obstacle to continue said location was found, either by difficulty of construction or procuring right of way at a reasonable cost.
Under the original powers conferred by the charter, the authority of the board of directors to do the act complained of, would be ample. The answer shows that a better and cheaper route than by the way of Clifton can be had, and that there are difficulties in procuring the right of way by that route, whieh do not ex- *357 :st in reference to the one recently selected by way of Yellow Springs.
These original powers were, however, impaired by the act of the company in obtaining the loan of state credit, at least so far as the rights of the state were concerned.
Preliminary to receiving that loan, the company was required to locate, survey, and estimate the costs of the road, etc., and submit the same to the approval of the board of public *works, without which approval, the loan could not have been obtained,, Swan’s Stat. 559.
All these proceedings were had pursuant to the statutes; and in virtue of them, a credit of $200,000 was procured from the state.
It would be unconscionable to permit this company, after the receipt of that loan, without the consent and against the will of the state, to change the location then made and acted upon; and, at the instance of the state, they would be estopped from exercising any such power. But the alteration complained of, is not against the will of the state. It is with her consent. The amendatory act, of March 4, 1845, provides, “ That the Little Miami Railroad Company be, and they are hereby authorized to survey and locate the line of said road between the town of Xenia, etc., and Springfield, upon such ground as may bo most suitable and practicable : Provided, that all subscriptions, etc., upon condition that the road should be made upon the route heretofore surveyed and adopted, and all stock subscribed after said route was located and reported to the board of public works, by persons residing thereon,” ete., “shall be abandoned, and the money, with interest, paid on demand.” The effect of this statute is at least to reinvest the company, or rather to restore to them the rights and powers conferred by the original act of incorporation. It destroys the power which the state would otherwise possess, of setting up an act of the company to prevent the exercise of one of the privileges conferred by the original charter. It is a release of the right of the state to interpose acts which would estop the company from making a better location than the Clifton route.
The complainants treat this act as a grant of new powers, and Insist that the directors, without the assent of the stockholders, can not accept of any alteration in the fundamental law of the company. Without controverting their conclusion, in case their premises were correct, we avoid it by refusing to admit their *358 premises. As above stated, the original charter conferred authority to make the alteration complained *of. That charter has not been repealed nor impaired by any act of the legislature, save the declaratory restriction in the proviso to section 3 of the act of February 19, 1840, “that said company substantially adhere to the line originally located in accordance with the original surveys, as established and reported to the board of public works.” There is no act of the legislature bearing upon the subject. This proviso does not affect to repeal the charter — such was not its object or intention. It may manifest the intention of the state not to relinquish the right she had acquired, by the proceedings in reference to the loan of credit, to restrict the company in the exercise of those'powers granted in the act of incorporation which might otherwise be used in a way to deprive her of the benefit intended to be secured from the approval of the plan, etc., by the board of public works. This proviso is now repealed.
There is another ground upon which, as we think, the injunction should be refused. The complainants appear before us as stockholders of the company, seeking to protect their interest, as such, from injury. Their interest, as landholders, upon the route, is the main interest. Now we can not shut our eyes to the fact that, were it not for the incident, the injury to the principal, i. e. the stock, would not be a cause of complaint. The power to grant writs of injunction, is one of the extraordinary powers of a court of chancery, and should only be exercised, in cases like this, where a great and important public work is to be restrained and suspended, to prevent injuries that would otherwise be irreparable, or when the magnitude of the injury to be dreaded is so great and the risk so imminent that no prudent person would think of incurring it. Then the complainant’s right is doubtful; or an action at law or in chancery, prosecuted in the ordinary mode, will afford adequate redress. 'The provisional injunction should be refused. Injunction refused.